(No. 2995—)

BESSIE EVELYN BISHOP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1940.*

*Petition for rehearing denied November 12, 1940.*

WILLIAM JOHN GRANATA, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant, Bessie Evelyn Bishop, claims compensation from the State of Illinois on the following grounds: That on the 21st day of October, 1935, she was employed by the State of Illinois, Department of Public Welfare, at the Elgin State Hospital, Elgin, Illinois, as an attendant; that her earnings for the preceding year were Six Hundred Twelve Dollars ($612.00) plus maintenance; that on that date she was taking care of a patient at that institution, and while acting in her capacity as an attendant she was attacked by her patient, one Rosalie Coleman; that said attack consisted of said patient jumping out of bed, on the radiator, and while the claimant and another nurse attempted to take her down she fought with them, hitting, struggling and spitting at this claimant, and that the patient was infected with tuberculosis;

that as a direct and proximate result thereof the claimant became infected with said disease and was forced to be confined to bed on the 12th day of December, 1935, and still had to be confined to bed for an indefinite known period, possibly several years; that her lungs will be permanently impaired, and that she will not be able to again perform the duties of an attendant.

Claimant also alleged that immediately after the occurrence of the above act, she reported the incident to Dr. D. L. Steinberg, her superior officer; that the State of Illinois supplied her with complete hospitalization and medical care and attendance; that she has not received any salary since January 12, 1936; that at the present time she is convalescing and being treated for her disease at Springbrook Sanitarium, Aurora, Illinois; that she is the mother of two minor children under the age of sixteen years, whom she supports; that at the time of the injury, she was twenty-five years of age.

Claimant's husband was also employed at the Elgin State Hospital.

In addition to her own testimony, which in part at least bears out the allegations of her complaint, two doctors testified, one being Dr. George A. Wiltrakis, a duly licensed physician, who had been employed by the State of Illinois, Department of Public Welfare, at the Elgin State Hospital since September, 1930. He testified that he had full charge of the hospital service at the Elgin State Hospital, which meant taking care of the acute mental and surgical cases and also the employees when they were physically ill; that he knew claimant; that he came in contact with her December 14, 1935, when she entered the hospital service at the Elgin State Hospital; that he examined her at that time and found that she was suffering from pulmonary tuberculosis. Dr. Wiltrakis further testified that the claimant said she had a chronic cough; had had it for a period of six weeks, and expectoration of thick yellowish material; complained of spitting blood; had had a tired feeling for six weeks prior thereto; had some pain present underneath the right breast and right underneath the shoulder which re-occurred at times, and that she had been working in the tubercular ward for a period of about one year caring for insane tubercular patients. The doctor further testified that the claimant was put to bed and given proper diets. On a hypothetical ques-

tion put to this doctor, he stated that it was his opinion that the spitting, etc., may be contributory but not an actual primary logical factor for pulmonary tuberculosis. It was his opinion that pulmonary tuberculosis is not produced by a single or two or three contacts, but by repeated contacts with a patient who had pumonary tuberculosis.

Dr. Kenneth C. Bulley also testified. He was a duly licensed physician and surgeon and a tuberculosis expert. At the time of his testimony he was superintendent and medical director at Kane County Springbrook Sanitarium at Aurora, Illinois, and since October, 1931, had treated only pulmonary tuberculosis cases. He first treated claimant in July, 1936. She was admitted to the Springbrook Sanitarium as a regular patient on August 24, 1936. The first X-ray that he had taken was on December 12, 1935, which is claimant's Exhibit One, and which is an X-ray film of the chest of claimant. This physician is eminently qualified to treat pulmonary tuberculosis. To a hypothetical question he said it was his opinion that the attack and altercation and exposure resulting from constant daily contact with tuberculosis patients who were insane was the contributing cause to the development of tuberculosis in claimant. On cross-examination he said that in his opinion the combination of the two facts would cause pulmonary tuberculosis, and the altercation described might well in itself have caused the development of the pulmonary tuberculosis in claimant.

The same question is presented here as was presented in the case of *Margaret Crum* vs. *State of Illinois,* No. 3023, and the reasoning set forth in that opinion is adopted here, and for such reasons the claim will be denied.